UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI

| | | |
|---|---|---|
| DEBORA A. BOONE, | : | CASE NO. C-1-02-147 |
| Administratrix of the Estate | | |
| Craig S. Hutchison | : | JUDGE BECKWITH |
| Plaintiff | : | |
| vs. | : | |
| AMERICAN UNITED LIFE | : | **PLAINTIFF'S MEMORANDUM IN** |
| INSURANCE CO. | | **OPPOSITION TO DEFENDANT'S** |
| | | **MOTION FOR JUDGMENT ON THE** |
| Defendant | : | **ADMINISTRATIVE RECORD** |

Plaintiff does not oppose this Court ruling upon Plaintiff's Complaint based upon the Administrative Record. On February 18, 2003, the parties filed a Stipulation agreeing this Court's review of Defendant's decision to deny benefits is limited to a review of the Administrative Record. The Stipulation also stated Defendant's decision to deny benefits is subject to a *de novo review*. Plaintiff submits this Memorandum in Support of its request for this Court to award it $100,000.00 damages, to make it whole, and all other relief to which Plaintiff may be entitled.

### I. PLAINTIFF'S COMPLAINT IS PROPERLY BEFORE THIS COURT.

On October 21, 2002, this Court adopted the Magistrate's Order and Report and Recommendation finding the employee benefit plan in issue is covered by ERISA, thereby falling within the purview of this Court's federal question jurisdiction. Defendant states Plaintiff did not amend her Complaint to assert a claim for benefits pursuant to 29 U.S.C. §1132(a). 29 U.S.C. §1132(a) does not require a complainant to specifically allege that section upon filing a complaint.

29 U.S.C. §1132(a) specifically allows this Court to rule upon Plaintiff's Complaint. 29 U.S.C. §1132 (a)(1)(B) states: "A civil action may be brought–(1) by a participant or beneficiary

... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." The Complaint filed put Defendant on notice of Plaintiff's claims. The Complaint requested the deceased's next of kin to recover accidental death benefits under terms of the decedent's employee benefit plan. This Court found the plan in issue is subject to ERISA. Plaintiff was not required to amend her pleading.

## II. PLAINTIFF IS ENTITLED TO JUDGMENT IN ITS FAVOR BASED UPON THE EVIDENCE BEFORE THIS COURT, THE ADMINISTRATIVE RECORD, PURSUANT TO THE PARTIES' AGREEMENT THIS IS A *DE NOVO* REVIEW.

Although the Defendant noted the Administrative Record states Mr. Hutchison died of "acute ethanol toxicity" (Administrative Record " at pp. 95, 100), Defendant conveniently failed to note the coroner also *specifically* stated: "The manner of death is accident." (A.R. at p. 100). Defendant incorrectly states Hutchison was reported dead on October 10, 2000. The correct date of Mr. Hutchison's death is October 9, 2000.

The Defendant aptly cites the portion of the insurance policy in issue which defines accidental death. "Accidental Death means death due to an accident and independent of all other causes." (A.R. at p. 14). Defendant incorrectly claims Hutchison's death was not an accident. Query: If Hutchison's death was not an accident, why then did more than one of Defendant's employees believe Defendant should pay this claim?

Defendant's internal documents indicate Defendant believed it should pay the claim in issue. "Enclosed are the medical records we requested on Craig Hutchison. You will also find a file memo from Leslie Walls with respect to calling the coroner's office. With the information obtained, I stand

2

by my original decision and that is to pay the claim"! (A.R. at p. 75). "Drugs not a factor in cause of death. Additional information received does not support a denial of AD&D benefits". (Id.). "Steve, I feel we should deny the claim based on policy wording about drug use being direct [sic] or indirectly the cause of death. *However our phone call to coroner's office does not indicate this to be the cause of or contribute to his death.*" (Id. *emphasis added*).

Defendant boldly states "All of the proof related to Hutchison's death–the death certificate, the autopsy report and the toxicology report–indicates that Hutchison died of 'acute ethanol toxicity'." (Defendant's Motion for Judgment on the Administrative Record "Defendant's Motion" at p. 6). Defendant conveniently failed to direct this Court to the portion of the Administrative Record which unequivocally answers the question in issue: the Coroner's report *specifically* stating "the manner of death is accident". (A.R. at p. 100).

Defendant would like this Court to go out on a limb, wholly ignore the evidence before it, and find Hutchison's act of drinking a lot of alcohol was an intentional act to kill himself. The record is void of any evidence to support this ridiculous theory. Defendant claims, at p. 8 of its Motion:

> Plaintiff presented no evidence to the administrator, and there is no evidence in the Administrative Record, regarding Hutchison's subjective expectation of injury resulting from his consumption of large quantities of alcohol on the night of his death. As a result, the Court should engage an objection analysis of Hutchison's expectations, i.e. whether a similarly situated reasonable person 'would have viewed the injury as likely to occur as a result of the insured's intentional conduct'.

Taking Defendant's argument to its logical conclusion, anyone who imbibes a large quantity of alcohol should believe so doing will "likely" cause that person to die. It is ridiculous to belabor such a ludicrous theory.

3

Defendant cites <u>Klei v. Metropolitan Life Ins. Co.</u>, 1992 U.S. Dist. LEXIS 2128 S, unreported (E.D. Mich. 1992), in support of its proposition. In <u>Klei</u>, the Court found an insurance company's denial of accident death benefits appropriate where the claimant, an alcoholic and a heroin addict, died after consuming almost a fifth of liquor after being given explicit instruction by his physicians to completely abstain from alcohol consumption. The <u>Klei</u> Court found Mr. Klei had a general cognizance alcohol consumption would likely cause injury because he had previously been hospitalized for alcohol abuse. Additionally, nine days before his death, upon being discharged from the hospital (which hospital stay was due to over intoxication, commencing on August 29 and ceasing on September 6), he was given special instructions to 'abstain from alcohol'.

In this case there is no evidence in the record Mr. Hutchison had a drug and/or alcohol problem. There is no evidence from his prior actions he should have known ingesting alcohol was going to cause him to die. In this case there is no evidence Mr. Hutchison was ever told by anyone, let alone his treating physician, not to ingest alcohol. <u>Klei</u> is not applicable to this case. It is interesting to note, in an internal memo, Defendant inquires whether Ohio has established "legal precedence in declaring alcohol toxicity not to be an accident" (A.R. at p. 106). Apparently Defendant found no such precedent.

Defendant cites <u>Mullaney v. Aetna U.S. Healthcare</u>, 103 F.Supp. 2d 486, 492 (D.R.I. 2000), <u>Shepherd v. Metropolitan Life Ins. Co.</u>, 1995 U.S. Dist. LEXIS 22203, unreported (6th Cir. March 10, 1995), <u>McLain v. Metropolitan Life Ins. Co.</u>, 820 F.Supp. 169 (D.N.J. 1993) and <u>Nelson v. Sun Life Assurance Co. of Canada</u>, 962 F.Supp. 1010 (W.D. Mich. 1997) in an attempt to bolster its theory one should expect to die if he consumes a lot of alcohol. All of these cases are distinguishable. In <u>Mullaney</u>, the decedent died while *driving* under the influence of alcohol. (It is

4

reasonable to assume one might be involved in an automobile accident and die if one is drinking and driving.) In Shepherd, the decedent intentionally took a combination of heroin, cocaine, oxycodone and diazepam. The insurance policy in which coverage was denied stated accidental benefits will be paid provided the death is not caused partly by self inflicted injury. The Shepherd Court reasoned the decedent should have reasonably expected some injury to himself (based upon that policy's language). The McLain Court found no insurance coverage under the terms of the policy because the death was caused by a drug reaction. The Nelson Court found the death was not an accident because it happened due to a car accident resulting from alcohol intoxication.

In this case, the policy language prohibits coverage when one voluntarily takes: "a) a prescription drug in a manner other than as prescribed by a physician; b) any other federally-or-state controlled substance in an unlawful manner; c) non-prescription medicine, in a manner other than as indicated in the printed instructions; or d) poison" (A.R. at p. 15). None of the prohibitions stated in the policy apply to this case.

One letter denying Plaintiff's claim stated "because Mr. Hutchison's blood ethanol was 322 mg's, which is above the legal limit in Ohio, we are unable to honor your request for Accidental Death and Dismemberment [Coverage]" (A.R. at p. 69). It may be above the legal limit to drink and drive; but there is no limit established when sitting inside a home drinking, as Mr. Hutchison was at the time of his death.

As Defendant noted, words in a policy shall be given their plain and ordinary meaning; Wickman v. Northwestern Nat'l Life Ins. Co., 908 F.2d 1077, (1st Cir. 1990). Accident is defined as "an event occurring by chance" Webster's New Collegiate Dictionary 7 (1979). It was chance that Mr. Hutchison died on October 9, 2000; nothing else.

Defendant cites no cases denying accidental death insurance coverage with facts similar to this one. The truth is, Mr. Hutchison died as a result of an accident. In <u>Bates v. Crown Life Ins. Co.</u>, 1987 WL 862369, unreported (S.D. Ohio 1987), this Court found the decedent's death to be an accident. The toxicology report stated the decedent was acutely intoxicated and was operating a motor vehicle under the influence of alcohol (.21%). The decedent was killed in a single vehicle collision. The decedent had accidental death insurance coverage through his employer. This Court found the death to be accidental, finding "the danger inherent in driving while intoxicated is not so foreseeable that the death of a person engaged in such conduct is not accidental within the meaning of an insurance policy." <u>Id</u>. at p. 3. In this case, Mr. Hutchison merely drank. He did not drink *and* drive. Following the <u>Bates</u> rationale, Mr. Hutchison's death due to "acute ethanol toxicity" was not foreseeable and therefore was an accident.

Defendant states, at p. 9 of its Motion, even if Mr. Hutchison's death was an accident, the policy provisions preclude recovery because "he also chose to ingest the prescription drugs Nordiazepam and Diazepam . . . . Notably, according to the medical records provided to the administrator, Hutchison was not receiving Nordiazepam or Diazepam by a prescription from his physicians (<u>Id</u>. [A.R.] at 83-85)". Defendant boldly argues "*[c]learly*, Hutchison was taking a prescription drug in a manner other than as prescribed by a physician because, according to his medical records, he had not even received a prescription for diazepam or nordiazepam". (Defendant's Motion at p. 9, *emphasis added*). The medical records to which Defendant refers were presumably received by Defendant pursuant to its request for Mr. Hutchison's medical records from October, 1999 through 2000, made to the attorney for his estate (A.R. at p. 82). At the time of the request Mr. Hutchison was dead. Whether Mr. Hutchison saw a physician who prescribed a drug

containing Diazepam or Nordiazepam is unknown. Defendant's assumption that Mr. Hutchison took a prescription drug without a prescription for it is merely that, an assumption. It is imperative to note Defendant contacted the Coroner's Office, spoke with the toxicologist, and was informed "the level of Diazepam/Nordiazepam detected was therapeutic and didn't appear to be an overdose" (A.R. at p. 86).

There is absolutely no evidence in the record the drugs listed as present on the Toxicology Report in any way contributed to Mr. Hutchison's death. There is no prohibition in Defendant's policy against payment of benefits due to death caused by acute ethanol toxicity. In fact, the only evidence in the record is that from the Coroner's Office, wherein the Coroner specifically stated Diazepam and Nordiazepam did *not* contribute to Mr. Hutchison's death (A.R. at p. 60). In fact, the Coroner's Office confirmed directly to the Defendant said drugs did *not* contribute to Mr. Hutchison's death (A.R. at pp. 75 & 86). Defendant's theory Mr. Hutchison's death resulted from the adverse effect of the use of alcohol and drugs is merely speculation. The evidence is to the contrary. There is no legal justification for Defendant to refuse to pay this claim.

### III. PLAINTIFF IS ENTITLED TO REASONABLE ATTORNEY FEES AND COSTS ASSOCIATED WITH THIS CLAIM.

29 U.S.C. §1132(g) gives this Court discretion to award Plaintiff attorney fees and costs associated with this claim. Courts have adopted a five factor test in determining whether attorney fees should be awarded in ERISA claims. These factors are: 1) the offending parties' culpability or bad faith, 2) the ability of the offending parties to satisfy an award of attorneys' fees, 3) the deterrent effect of an award of attorneys' fees against the offending parties, 4) the benefit conferred on members of the pension plan as a whole, and 5) the relative merits of the parties' positions; see

Eaves v. Penn, 587 F.2d 453 (10th Cir. 1978).

In applying the Eaves five factor test to the facts of this case, this Court should award attorney fees to Plaintiff. 1) Defendant exercised bad faith. Defendant's employees believed the claim should be paid but it was denied. There is no evidence in the record to support the denial. The evidence in the record supports payment of this claim. 2) The Defendant, an insurance company, certainly has the means to satisfy the attorney fees. 3) Requiring Defendant to pay attorney fees should deter it from wrongfully denying claims in the future. 4) The pension plan as a whole should benefit by Defendant's incentive to pay claims in the future, knowingly denying viable claims may cause it to have to pay attorney fees. 5) The merits of Plaintiff's position are strong; those of Defendant are not. Therefore, in accord with Eaves, Plaintiff respectfully requests this Honorable Court to exercise its discretion in awarding it attorney fees and costs. If this Court awards attorney fees and costs, Plaintiff will supply the Court with evidence thereof.

## CONCLUSION

There is no evidence in the Administrative Record Defendant should have denied Plaintiff's claim. In fact, the evidence indicates the claim should have been paid. The Coroner's report indicates the manner of death is accident. Defendant's employees believe the claim should have been paid. Defendant's efforts to justify a denial of the claim based upon traces of nordiazepam and diazepam in Hutchison's blood is vitiated by the Coroner's office stating the amounts thereof were within therapeutic levels. Based upon the evidence, this Court should make Plaintiff whole and award it the $100,000.00 to which it is entitled from the accidental death policy in issue. Further, this Court would be justified in exercising its discretion and paying Plaintiff all attorney fees and costs associated with this claim.

*/s/ Michael E. Cassity*
MICHAEL E. CASSITY #0010884
Trial Attorney for Plaintiff,
Debora A. Boone, Administratrix of
the Estate of Craig S. Hutchison
Cassity Law Offices
P. O. Box 478
107 East Main Street
Mt. Orab, OH 45154
937-444-2626

*/s/ Robin J. Levine*
ROBIN J. LEVINE #0046809
Of Counsel for Plaintiff,
Debora A. Boone, Administratrix of
the Estate of Craig S. Hutchison
Cassity Law Offices
P. O. Box 478
107 East Main Street
Mt. Orab, OH 45154
937-444-2626

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Plaintiff's Memorandum in Opposition to Defendant's Motion for Judgment on the Administrative Record was mailed by ordinary U. S. Mail this ___ day of September, 2003 to Robert P. Johnson, Trial Attorney for Defendant, Thompson Hine LLP, 312 Walnut Street, Suite 1400, Cincinnati, OH 45202.

*/s/ Michael E. Cassity*
MICHAEL E. CASSITY #0010884
Trial Attorney for Plaintiff,
Debora A. Boone, Administratrix of
the Estate of Craig S. Hutchison
Cassity Law Offices
P. O. Box 478
107 East Main Street
Mt. Orab, OH 45154
937-444-2626