UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **DEBORA A. BOONE**, Administratrix of the Estate of Craig S. Hutchison, <br><br> Plaintiff, <br><br> vs. <br><br> **AMERICAN UNITED LIFE INSURANCE CO.**, <br><br> Defendant. | Case No. 1:02cv147 <br><br> Judge Beckwith <br> Magistrate Judge Hogan <br><br> **REPLY MEMORANDUM OF AMERICAN UNITED LIFE IN SUPPORT OF MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD** |

Pursuant to Local Rule 7.2(a)(2), Defendant American United Life Insurance Company ("AUL") submits this Reply Memorandum in Support of its Motion for Judgment on the Administrative Record.

## I. INTRODUCTION

In her opposition to AUL's Motion for Judgment, Plaintiff Debora Boone fails to set forth a single argument that would prevent this Court from granting judgment in AUL's favor on the administrative record.

Despite Plaintiff's meritless arguments to the contrary, Craig S. Hutchison's ("Hutchison") death was not an accident under the terms of the insurance policy or the federal common law of ERISA. Hutchison undisputedly intentionally ingested significant quantities of alcohol on the night of his death, and this intentional act was the cause of his death. As a result, clearly, Hutchison's death was not an accident, and Plaintiff is not entitled to the accidental death benefits she seeks. In addition, Plaintiff concedes that her common law breach of contract and

bad faith claims as well as her claims for compensatory and punitive damages are preempted, and therefore, not available under ERISA. As a result, AUL is entitled to judgment in its favor.[1]

## II.    AUL IS ENTITLED TO JUDGMENT IN ITS FAVOR ON THE MERITS OF THE ADMINISTRATIVE RECORD

Regardless of whether this Court considers Plaintiff's untimely request for judgment, which is set forth only in her opposition brief, AUL is entitled to judgment in its favor on the merits of the administrative record. The unambiguous language of the policy itself supports AUL's denial of Plaintiff's claim for benefits. The administrative record is clear that the cause of Hutchison's death was acute ethanol toxicity. The evidence is also clear that Hutchison achieved acute ethanol toxicity by the purposeful consumption of significant quantities of alcohol. As a result, Hutchison's death was the result of a voluntary, intentional act and was <u>not</u> "directly due to an accident and independent of all other causes." Thus the plain language of the policy precludes coverage, and AUL is entitled to judgment.

Likewise, the federal common law of ERISA supports AUL's denial of accidental death benefits. Despite Plaintiff's unsupported statement to the contrary, federal case law makes clear that "a decedent need not intend to die in order for the injury to be intentional." <u>Nelson v. Sun Life Assurance Co.</u>, 962 F. Supp 1010, 1013 (E.D. Mich. 1997). The decedent need not even expect to die in order for the injury to be intentional. <u>Id</u>. <u>See</u> <u>also</u> <u>Holsinger v. New England Mut. Life Ins. Co.</u>, 765 F. Supp. 1279 (E.D. Mich. 1991) (ruling that codeine overdose was the

---

[1] Plaintiff wholly failed to file a motion requesting judgment in her favor on the administrative record as required by this Court's Order dated December 11, 2002. This Court's Order required motions for judgment on the administrative record to be filed by August 22, 2003. Plaintiff ignored the Order and failed to file a motion. Instead, Plaintiff did nothing more than file an opposition to AUL's motion. However, this Court cannot grant judgment to Plaintiff based solely on her opposition to AUL's motion. As a result, Plaintiff is not entitled to judgment in her favor on her claims against AUL. AUL is entitled to judgment in its favor on the administrative record.

result of an intentional act even if insured did not intend or expect to die). In Holsinger, the court found that the codeine overdose was an intentionally inflicted "injury of a chemical nature, depressing the bodily functions." Id. at 1282. This case is no different. Hutchison intentionally inflicted an injury of a chemical nature upon himself, which depressed his bodily functions to the point of death. The fact that Hutchison may not have intended or even expected to die does not make his death any less the result of an intentional act. As a result, even under the federal common law of ERISA, Hutchison's death by alcohol overdose was not an accident, and AUL is entitled to judgment.

Plaintiff offers no valid argument that would prevent this Court from granting judgment to AUL. First, Plaintiff asserts that because some AUL employees expressed the opinion that Plaintiff's claim for accidental death benefits should have be paid, AUL could not deny her claim. Plaintiff's argument, however, is totally without merit. Nothing in the record indicates that those particular AUL employees had any knowledge of the federal common law of ERISA. Plaintiff's claim for accidental death benefits was subsequently referred to AUL's in-house counsel for analysis and decision. Only after reviewing the relevant law regarding the proper construction of accidental death language in life insurance policies, as well as the toxicology report, death certificate and medical records of Hutchison, did AUL determine that Hutchison's death was not "directly due to an accident and independent of all other causes," and therefore, not covered under the policy. Clearly, the opinions of various AUL employees as to whether the accidental death benefit should have been paid is wholly irrelevant. All that is relevant for purposes of this Court's review of AUL's decision is AUL's ultimate conclusion that Hutchison's death was not an accident.

Plaintiff also argues that because the coroner's report classified Hutchison's death as an accident, AUL's decision to deny accidental death benefits is erroneous. The coroner's categorization of Hutchison's death as an accident was clearly not based on the ERISA federal common law definition of "accident;" nor was it based on the language of AUL's insurance policy. As a result, the coroner's act of classifying Hutchison's death as an accident has absolutely no bearing whatsoever on whether AUL properly denied Plaintiff's claim for accidental death and dismemberment benefits. See Mullaney v. Aetna U.S. Healthcare, 103 F. Supp 2d 486, 491 (D.R.I. 2000) ("the medical examiner's determination of 'accident' does not mean that [the insured's] 'accident' was of the sort contemplated by [the insurer] or described in the Plan.").

### III. PLAINTIFF CONCEDES THAT HER CLAIMS FOR BREACH OF CONTRACT, BAD FAITH, AND COMPENSATORY AND PUNITIVE DAMAGES ARE PREEMPTED BY ERISA

Plaintiff does not attempt to dispute that her common law claims against AUL for breach of contract and the tort of bad faith are expressly preempted by ERISA. As a result, this Court should grant judgment in AUL's favor on those claims.

Likewise, Plaintiff also fails to challenge AUL's contention that it is entitled to judgment on Plaintiff's claims for compensatory and punitive damages because they are also preempted by ERISA. As AUL previously stated, Plaintiff's damage claims are preempted by, and not available under, ERISA. Accordingly, this Court should enter judgment for AUL on Plaintiff's claims for compensatory and punitive damages.

## IV.  PLAINTIFF IS NOT ENTITLED TO ATTORNEYS' FEES

Pursuant to 29 U.S.C. §1132(g), a District Court has discretion to award attorneys' fees in an ERISA action. 29 U.S.C. §1132(g)(1). However, the Sixth Circuit has rejected a presumption that attorney fees should ordinarily be awarded to a prevailing plaintiff in such a case. See Gard v. Blankenburg, 33 Fed. Appx. 722, 731 (6th Cir. 2002). The Sixth Circuit has identified five factors to be considered in determining whether to award attorneys' fees:

1. The degree of the opposing party's culpability or bad faith;
2. The opposing party's ability to satisfy an award of attorney's fees;
3. The deterrent effect of an award on other persons under similar circumstances;
4. Whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and
5. The relative merits of the parties positions. Id.

No single factor is dispositive. Id.

In light of the fact that Plaintiff did not even file a valid request for judgment in this case, Plaintiff's request for attorneys' fees is clearly inappropriate. Nevertheless, even if this Court were to find that Plaintiff is entitled to the accidental death benefits she seeks (which it should not), Plaintiff is not entitled to an award of attorneys' fees. With regard to the first factor, even if AUL's decision to deny benefits is reversed, this factor weighs in favor of AUL. The necessary degree of culpability for an award of attorneys' fees is not established by the mere fact that a defendant has been found liable. Id. at 732. In light of the relevant case law regarding the appropriate interpretation of "accident" under ERISA, AUL's decision to deny benefits was not "blamable, culpable behavior" or "behavior otherwise approaching bad faith" that would support an award of attorneys' fees to Plaintiff. Id.

Next, there is no evidence with respect to the second factor, but AUL will concede for purposes of this Reply only that this factor weighs only slightly in favor of Plaintiff. However,

the third factor weighs in favor of AUL. A judgment for Plaintiff on the merits would be a sufficient deterrent in and of itself, and an award of attorneys' fees would provide no significant extra deterrence. Id. Importantly, a fee award is not required for deterrence just because a plaintiff incurs fees to establish an ERISA violation. Id. Likewise, the fourth factor weighs in favor of AUL. Clearly, Plaintiff did not maintain this action in order to confer a common benefit on all participants and beneficiaries of an ERISA plan or to resolve significant legal questions regarding ERISA. Instead, Plaintiff's sole motivation was the recovery of a $100,000.00 accidental death benefit. Finally, the fifth factor also weighs in favor of AUL. Even if this Court finds that Plaintiff is entitled to recover benefits, AUL's position in this case is not meritless. AUL had a good faith basis for defending itself and, in fact, had every right to defend itself vigorously and in good faith.

Clearly, the balance of the relevant five factors weighs in favor of AUL. As a result, in the event this Court awards judgment in Plaintiff's favor on her claim for benefits, Plaintiff is not entitled to an award of attorneys' fees.

## V.    CONCLUSION

For all the foregoing reasons, as well as for the reasons set forth in AUL's Motion for Judgment on the Administrative Record, AUL is entitled to judgment in its favor on the merits of the administrative record as to the claims set forth in Plaintiff's Complaint.

          Respectfully submitted,

          s/ Robert P. Johnson
          Robert P. Johnson (0040109)
          Trial Attorney for Defendant AUL
          THOMPSON HINE LLP
          312 Walnut Street, Suite 1400
          Cincinnati, Ohio 45202
          Tel:  513-352-6769
          Fax:  513-241-4771
          Email:  Rob.Johnson@thompsonhine.com

OF COUNSEL:

Kimberly E. Ramundo (0066570)
THOMPSON HINE LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Tel: 513-352-6656
Fax: 513-241-4771
Email:  kim.ramundo@thompsonhine.com

## CERTIFICATE OF SERVICE

     I hereby certify that on September 25, 2003, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Michael Cassity and Robin Levine, Cassity Law Offices, P.O. Box 478, 107 E. Main Street, Mt. Orab, Ohio 45154; and I hereby certify that a true and accurate copy of the foregoing has been sent via ordinary U.S. Mail to same.

          s/ Robert P. Johnson
          Robert P. Johnson

451338v1